FILED
SUPERIOR COURT
OF GUAM

2023 NOV 21 PM 2: 12

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. CM0135-21 |
| | ) | GPD Report No.: 21-12252/21-12286 |
| | ) | |
| vs. | ) | |
| | ) | DECISION AND ORDER |
| | ) | DENYING DEFENDANT'S |
| | ) | MOTION TO DISMISS |
| JORDON JEROME SANTOS NAPUTI, | ) | DUE TO CIVIL COMPROMISE |
| *aka* Jorden Jerome Santos Naputi, | ) | |
| DOB: 09/21/1996 | ) | |
| | ) | |

## INTRODUCTION

This matter came before the Honorable Judge Maria T. Cenzon on August 23, 2023, for a hearing on Defendant Jordon Jerome Santos Naputi's (the "Defendant) Motion to Dismiss Due to Civil Compromise (the "Motion"). Defendant was present via Zoom with counsel Assistant Alternate Public Defender Theresa C. Dunphy. Also present during the hearing were Assistant Attorney General Leah Diaz-Aguon and Probation Officer Emoree Martinez. The Court took the matter under advisement pursuant to CVR 7.1(e)(6)(D) of the LOCAL RULES OF THE SUPERIOR COURT OF GUAM and Administrative Rule Nos. 06-001, and after considering the pleadings on file and after reviewing the applicable statutes and case law, the Court now issues this Decision and Order **DENYING** the Defendant's Motion.

## FACTUAL & PROCEDURAL BACKGROUND

Defendant is charged with two counts of Family Violence (As a Misdemeanor) in violation of 9 GCA § 30.10(a)(1)("recklessly cause or attempt to cause bodily injury to a family or household member"). Magistrate's Complaint (May 21, 2021). The alleged victims are the Defendant's mother and sister.

The Declaration re Civil Compromise of each victim filed by Defendant on May 1, 2023, contained the following general statements, "I, the undersigned, and [Defendant], can and have reached an amicable settlement and we have resolved our past differences and difficulties. All restitution has been paid in full to me by [Defendant] and request this case be dismissed." The People oppose the Defendant's Motion arguing that "the focus of Guam's civil compromise statute is satisfaction received for the victim's injury." *People's Opp. to Def's Mot. to Dismiss Due to Civil Compromise* at 3 (Aug. 23, 2023)(the "Opposition"). The People further argue that it is "[t]he People's position...that satisfaction of the victim's injury is best addressed through rehabilitation of the Defendant through the criminal justice system. Public interest is best served by getting the Defendant the treatment he needs to prevent further family violence." *Id.*

On August 24, 2023, the Defendant filed his Reply to People's Opposition to Defendant's Motion to Dismiss Due to Civil Compromise ("Reply"). In his Reply, the Defendant rebuts the People's argument that the victims' statements do not meet the satisfaction of injury requirement under 8 GCA § 80.90. The Defendant argues that "section (b) of 8 GCA § 80.90 only requires an individual to '*acknowledge that he has received satisfaction for the injury.*' The statute does not require any more specificity as to satisfaction. Certainly, this requirement has been met with the signed declarations as well as the statements provided by the victims." Reply at 1.

## LEGAL ANALYSIS

Under 8 GCA §80.90, "[w]hen the defendant has been charged with the commission of an offense which is not a felony for which the person injured by the act constituting the offense has a remedy by a civil action" and "if the person injured appears before, or filed [her] declaration in, the court in which the criminal action is pending at any time before trial and acknowledges that [she] has received satisfaction from the injury," then "the court may, upon payment of the costs incurred, order the criminal action dismissed."[1]

Guam's Civil Compromise Statute is based upon California Penal Code §§ 1377-1378, and, in the absence of binding precedent, "California case law [is] persuasive absent a compelling reason to deviate." *People v. Hall*, 2004 Guam ¶ 18. The Court observes, however, that Guam's Civil Compromise Statute may be applied more broadly than that of California's because Guam's law did not adopt the provisions in California excluding misdemeanors committed with felonious intent, misdemeanors committed riotously, or misdemeanors committed upon offices of justice. *People v. Moulton*, 131 Cal.App.3d Supp. 10, 20 (Cal. App. Dep't Super. Ct. 1982). California has also, since Guam's adoption of § 80.90, seen fit to further exclude offenses in the nature of family violence or crimes committed upon the elderly and children. Although Guam has not followed suit.

Although California specifically excludes certain offense from civil compromise, the Court still exercises its discretion to permit compromise of a misdemeanor by examining the same

---

[1] This statute shall be referred to herein as Guam's Civil Compromise statute.

criteria followed by the California courts: 1) if the civil injury is coextensive with the criminal violation; 2) whether full vindication of the *public injury* can be achieved through a private settlement; and 3) if the proposed compromise is voluntarily entered into by the victim. *Moulton* at 21-23 (emphasis added).

The Defendant here is charged with two (2) counts of Family Violence (As a Misdemeanor). Although the charged offenses are not felonies, the Court is concerned with the offenses with which the Defendant has been charged: 2 counts of Family Violence (As a Misdemeanor). The Court finds that the particular offense of family violence *does not* have a corresponding remedy in civil law. Indeed, the California statutes from which Guam's Civil Compromise statute is derived includes offenses against a family or household member as the type of criminal case which is *not* subject to civil compromise. Thus, while 8 GCA § 80.90 does not explicitly state that the statute is inapplicable to charges involving family violence, California law, which served as the basis for Guam's civil compromise statute, excludes offenses committed against the family from its civil compromise statute.

California Penal Code § 1377 provides:

When the person injured by an act constituting a misdemeanor has a remedy by a civil action, the offense may be compromised, as provided in § 1378, except when it is committed as follows:

(a)     By or upon an officer of justice, while in the execution of the duties of his or her office.
(b)     Riotously.
(c)     With an intent to commit a felony.
(d)     In violation of any court order as described in § 273.6 or 273.65.

> (e) *By or upon any family or household member*, or upon any person when the violation involves any person described in *§ 6211 of the Family Code*[2] or *subdivision (b) of §13700 of this Code*[3].
> (f) Upon an elder, in violation of § 368 of this Code or § 15656 of the Welfare and Institutions Code.
> (g) Upon a child, as described in § 647.6 or 11165.6.

Cal. Pen. Code § 1377 (emphasis added). In California, the legislative purpose of civil compromise is to remove from criminal prosecution offense for which there is an adequate civil remedy instead of "subjecting the accused to criminal sanctions for the welfare of society in general." *People v. Stephen*, 227 Cal. Rptr. 380, 388 (Cal. Appl. 1986).

Although California specifically excludes certain offense from civil compromise, the Court still exercises its discretion to permit compromise of a misdemeanor by examining the same criteria followed by the California courts: 1) if the civil injury is coextensive with the criminal violation; 2) whether full vindication of the public injury can be achieved through a private settlement; and 3) if the proposed compromise is voluntarily entered into by the victim. *People v. Moulton*, 131 Cal.App.3d Supp. 10, 21-23 (Cal. App. Dep't Super. Ct. 1982).

Applying the *Moulton* factors, the Court finds: 1) Civil injury is *not* coexistive with the criminal violation. It is irrelevant in family violence cases that a victim actually suffer bodily injury because the charge is that the defendant recklessly caused "or attempted to cause" bodily injury. Family violence may be committed with or without injury; 2) Dismissal due to civil compromise of the family violence charges will not result in "full vindication of the public injury." The impact of a family violence charge is felt not only by the victims themselves but

---

[2] Cal. Fam. Code § 6211 is California's "Domestic Violence" statute.
[3] Cal. Penal Code § 13700 defines "Domestic Violence" as abuse committed against an adult or a minor who is a spouse, former spouse, cohabitant, former cohabitant, or person with whom the suspect has had a child or is having or has had a dating or engagement relationship.

other family members, loved ones and those involved in the family dynamic. The public interest is concerned when family violence charges can be dismissed on the general claim that there has been some pecuniary settlement because there is a legitimate concern that family members may be coerced or somehow "encouraged" to claim full restitution has been satisfied in order to protect a loved one from criminal prosecution. The Court recognizes that, unlike California, Guam did not specifically preclude a family violence charge from its civil compromise statute; however, the rationale prohibiting civil compromise in family violence cases is because it is difficult to determine whether or not an alleged victim actually received satisfaction for the injury. Thus, civil compromise of a family violence offense does not present "circumstances such that through private settlement the public is fully vindicated."; 3) the Court has no information to contradict the Victims' statements that they acted voluntarily in declaring satisfaction of restitution.

Applying the provisions of Section 80.90 and the analysis herein, this Court has found that family violence charges are not the type for which adequate compensation under the Civil Compromise statute can be readily shown. *See, People v. Kinsella,* Criminal Case No. CM1197-12, Decision and Order On Def.'s Mot. to Dismiss (May 3, 2013)(Bordallo, J.)(also denying dismissal on *de minimis* grounds because "[t]he risk of harm to society that arises from acts of *Assault* and *Family Violence* are significant and cannot be viewed as trivial ... ."); *People v. Smith & Petty,* Criminal Case No. CM0410-17 (Jan. 24, 2018)(Barcinas, J.); *People v. Evaristo,* Criminal Case No. CM0598-18, Decision and Order (Apr. 2, 2019)(Perez, J.); *People v. Salgado,* Criminal Case No. CM0125-23, Order Re. Dismissal Due to Civil Compromise (Oct. 24, 2023)(in the context of violation of court order)(Cenzon, J.); *People v. Nemecheck,* Criminal Case No. CM0212-23, Decision and Order Denying Def.'s Mot. to Dismiss Due to Civil Compromise

(Nov. 17, 2023)(Lamorena, P.J.). On this basis, the Court finds that the Family Violence charges are not coextensive with the civil remedy. The Court further agrees with the People that "the public's interest is best served by getting Defendant the treatment he needs to prevent further family violence by and through the family violence deferred plea." *Opp.* at 3.

## CONCLUSION

For the above reasons, **IT IS HEREBY ORDERED** that the Defendant's Motion to Dismiss Due to Civil Compromise is **DENIED**.

**SO ORDERED** this 21st day of November, 2023.

_____
**HONORABLE MARIA T. CENZON**
**Judge, Superior Court of Guam**

**SERVICE VIA EMAIL**

I acknowledge that an electronic
copy of the original was e-mailed to:

___AG , APO___

Date: 11/21/23 Time: 2:50pm

Antonio M Cruz
Deputy Clerk, Superior Court of Guam